UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-2 Ebony Harvey-Jackson,

        Defendant.

Criminal No. 20-cr-20453

Hon. Terrence G. Berg

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Michael El-Zein, Assistant United States Attorney, together with Defendant Ebony Harvey-Jackson, individually and by and through her attorney, Kevin Bessant, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.    The United States of America filed a felony Indictment on September 23, 2020, which charged the defendant with Count One, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, and with Counts Two through Five, Health Care Fraud in

violation of 18 U.S.C. §§ 1347 and 2. (ECF No. 1). The Indictment contains forfeiture allegations under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c).

2. On or about June 17, 2021, the defendant pleaded guilty to Count One of the Indictment.

3. In her Rule 11, the defendant agreed to a personal forfeiture money judgment equal to the amount of proceeds subject to forfeiture as a result of Count One. (ECF No. 25, PageID.103). As part of this stipulation, the defendant agrees that she personally obtained or derived, directly or indirectly, approximately $178,692.07 in criminal proceeds from the criminal scheme described in Count One and agrees to the entry of a $178,692.07 forfeiture money judgment against her, in favor of the United States (the "Money Judgment").

4. In her Rule 11, the defendant agreed to forfeit any interest she may have in all property, real or personal, which constitutes or is derived from proceeds traceable to the health care fraud scheme charged in Count One, including the following:

    a. Fourteen Thousand Six Hundred Ninety-Eight Dollars and Forty-Three Cents ($14,698.43) in funds seized from Bank of America Account No. XXXXXXXX3195; and

    b. Eighty Thousand Seven Hundred Eighty-Three Dollars and Eleven Cents ($80,783.11) in funds seized from Bank of America Account No. XXXXXXXX3205.

("Subject Property"). (ECF No. 25, PageID.102-103).

    5. In her Rule 11, the defendant agreed to stipulate to and not oppose the entry of a Preliminary Order of Forfeiture regarding the forfeiture money judgment and the forfeiture of the Subject Property. *Id.*

    6. The defendant's counsel, Kevin Bessant, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

    7. In her Rule 11, the defendant acknowledged her understanding that forfeiture is part of the sentence that may be imposed on her in this case and waived her right to challenge any

failure by the court to advise her of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). (ECF No. 25, PageID.104).

Based on the Indictment, the defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c), this **COURT ENTERS A FORFEITURE MONEY JUDGMENT** in the amount of $178,692.07 against the defendant in favor of the United States. The **COURT FINDS** that the Money Judgment represents the proceeds the defendant obtained as a result of her offense. The Money Judgment shall become final at entry given that ancillary proceedings are not required for the Money Judgment.

**THIS COURT FURTHER ORDERS** that under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that her heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that the Money Judgment may be satisfied, to whatever extent possible, from any other property owned by the defendant or under her control. To satisfy the Money Judgment, any assets that the defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

**THIS COURT FURTHER ORDERS** that forfeiture of the Subject Property and entry of the Money Judgment shall be made part of the defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable,

provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may

conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition for the Subject Property before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2).  If a third party files a timely petition for ancillary hearing for any of the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any third-party

petitions, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

SAIMA S. MOHSIN
Acting United States Attorney

| | |
|---|---|
| s/Michael El-Zein | s/Kevin Bessant (with Consent) |
| MICHAEL EL-ZEIN | KEVIN BESSANT, ESQ. |
| Assistant United States Attorney | Counsel for Ebony Harvey-Jackson |
| 211 W. Fort Street, Ste. 2001 | 23205 Gratiot Avenue, #373 |
| Detroit, MI 48226 | Eastpointe, MI 48201 |
| Phone: (313) 226-9770 | Phone: (313) 658-8159 |
| michael.el-zein@usdoj.gov | kevin@kevinbessantlaw.com |
| [P-79182] | [P-71061] |
| Dated: October 22, 2021 | Dated: October 20, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: October 27, 2021

**/s/Terrence G. Berg**
Honorable Terrence G. Berg
United States District Judge

8